```
IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
           WESTERN DIVISION
```
_____

| | |
|---|---|
| EBONY BELL, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| VS. | )   No. 16-2311-JTF-dkv |
| | ) |
| SHELBY COUNTY SCHOOLS and | ) |
| CHANTAY BRANCH | ) |
| | ) |
|     Defendant. | ) |

_____

**REPORT AND RECOMMENDATION FOR PARTIAL *SUA SPONTE* DISMISSAL AND TO ISSUE AND EFFECT SERVICE OF PROCESS ON DEFENDANT SHELBY COUNTY SCHOOLS**
_____

On May 9, 2016, the plaintiff, Ebony Bell, proceeding *pro se*, filed an employment discrimination complaint naming as defendants the Shelby County Schools and Chantay Branch, Director, Labor Relations, as defendants, along with a motion seeking leave to proceed *in forma pauperis*. (Compl., ECF No. 1, Mot. ECF No. 2.) On May 11, 2016, the court granted the motion to proceed *in forma pauperis.* (ECF No. 6.) This case has been referred to the United States Magistrate Judge for management and for all pretrial matters for determination and/or report and recommendation as appropriate. (Admin. Order 2013-05, April 29, 2013.) For the reasons that follow, it is recommended that Bell's age discrimination claims against both Shelby County Schools and Branch be dismissed for failure to state a claim and that all claims against Branch be dismissed, but that process

issue for Bell's retaliation claims against Shelby County Schools.

## I. PROPOSED FINDINGS OF FACT

Bell filed her complaint on a court-supplied form styled "Complaint." (Compl., ECF No. 1.) For her statutory basis, Bell checked the box next to the Age Discrimination in Employment Act of 1967, as codified, 29 U.S.C. §§ 621-634 (amended in 1984, 1990, and by the Age Discrimination in Employment Amendments of 1986, Pub. L. No. 92-592, the Civil Rights Act of 1991, Pub. L. No. 102-166). (*Id.* at ¶1.) In the space provided for alleging the discriminatory conduct, Bell checked the box for retaliation. (Compl. ¶ 6, ECF No. 1.) In the space provided on the form for stating the facts of her case, Bell wrote:

> "I began my employment as a mobile security officer in June 2010. On September 15, 2014, I complained to management about being sexually harassed by Supervisor Glenn Williams. On September 19, 2014, I was discharged after I had complained about sexual harassment. I believe I have been discriminated against in retaliation for complaining about a protected activity, in violation of Title VII of the Civil Rights Act of 1964 as amended. (I have a tape recorder.). (*Id.* ¶ 10.)[1]

---

[1] The ADEA as well as Title VII provides that a civil action must be brought within ninety days after the EEOC issues a right-to-sue notice. 29 U.S.C. § 626(e). The EEOC Notice of Right to Sue attached to the complaint indicates it was mailed by the EEOC on March 29, 2016. (EEOC Notice of Right to Sue 1, ECF No. 1-1.) Presuming Bell received the notice within five days of the date it was mailed, the complaint was timely filed within the ninety-day time limit. *Banks v. Rockwell Int'l N. Am. Aircraft Operations*, 855 F.2d 324, 326 (6th Cir. 1988) (stating that when the date of receipt of the right-to-sue notice is unclear, the court will apply a presumption that the

In the complaint, Bell states she was less than 40 years old at the time of the alleged discrimination. (Compl. ¶ 9, ECF No. 1.)

For relief, Bell seeks compensatory damages plus punitive damages in the amount of $2,550,000. (Compl. 6, ECF No. 1.)

## II. PROPOSED CONCLUSIONS OF LAW

### A. <u>28 U.S.C. § 1915(e)(2) Screening</u>

Pursuant to Local Rule 4.1(a), service will not issue in a *pro se* case where the *pro se* plaintiff has been granted leave to proceed *in forma pauperis* until the complaint has been screened under 28 U.S.C. § 1915(e)(2). The clerk is authorized to issue summonses to *pro se* litigants only after that review is complete and an order of the court issues.

This report and recommendation will constitute the court's screening. The court is required to screen *in forma pauperis* complaints and to dismiss any complaint, or any portion thereof, if the action —

    (i)      is frivolous or malicious;

    (ii)     fails to state a claim on which relief may be granted; or

    (iii)    seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2).

---

right-to-sue notice is received by the addressee within five days of the date it was mailed by the EEOC).

B.   Standard of Review for Failure to State a Claim

In assessing whether the complaint in this case states a claim on which relief may be granted, the court applies the standards under Federal Rule of Civil Procedure 12(b)(6), as stated in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). "A complaint must "'contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Courie v. Alcoa Wheel & Forged Prods.*, 577 F.3d 625, 629 (6th Cir. 2009)(quoting *Iqbal*, 556 U.S. at 678). The court "construes the complaint in a light most favorable to [the] plaintiff" and "accepts all factual allegations as true" to determine whether they plausibly suggest an entitlement to relief. *HDC, LLC v. City of Ann Arbor*, 675 F.3d 608, 611 (6th Cir. 2012). However, "pleadings that . . . are no more than conclusions[] are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 679; *see also Twombly*, 550 U.S. at 555 n.3 ("Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief. Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests."). The Supreme

Court's decision in *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 508 (2002), makes clear that Title VII plaintiffs are not required to plead the elements of a prima facie case under *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). All that is required is that the complaint comply with "Rule 8(a)'s simplified pleading standard." *Swierkiewicz,* 534 U.S. at 513.

"*Pro se* complaints are to be held to less stringent standards than formal pleadings drafted by lawyers, and should therefore be liberally construed." *Williams*, 631 F.3d at 383 (internal quotation marks omitted). *Pro se* litigants, however, are not exempt from the requirements of the Federal Rules of Civil Procedure. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989); *see also Brown v. Matauszak*, 415 F. App'x 608, 613 (6th Cir. 2011)("[A] court cannot create a claim which [a plaintiff] has not spelled out in his pleading.")(internal quotation marks omitted); *Payne v. Sec'y of Treas.*, 73 F. App'x 836, 837 (6th Cir. 2003)(affirming *sua sponte* dismissal of complaint pursuant to Fed. R. Civ. P. 8(a)(2) and stating, "[n]either this court nor the district court is required to create Payne's claim for her"); *cf. Pliler v. Ford*, 542 U.S. 225, 231 (2004)("District judges have no obligation to act as counsel or paralegal to *pro se* litigants."); *Young Bok Song v. Gipson*, 423 F. App'x 506, 510 (6th Cir. 2011)("[W]e decline to affirmatively require courts to ferret out the strongest cause of action on behalf of *pro se*

litigants. Not only would that duty be overly burdensome, it would transform the courts from neutral arbiters of disputes into advocates for a particular party. While courts are properly charged with protecting the rights of all who come before it, that responsibility does not encompass advising litigants as to what legal theories they should pursue.").

C. <u>Bell's Age Discrimination and Retaliation Claims Against Shelby County Schools</u>

The elements establishing a prima facie case of age discrimination under the ADEA are that the plaintiff (1) was at least forty years old at the time of the alleged discrimination, (2) was subjected to an adverse employment action, (3) was otherwise qualified for the position, and (4) was replaced by a younger worker. *McKnight v. Gates*, 282 F. App'x 394, 400 (6th Cir. 2008). In the complaint, Bell states that she was less than forty years old at the time of the alleged discrimination. Based on this factual allegation, Bell fails to satisfy the first element of an age discrimination claim, and thus fails to state a claim of age discrimination for which relief can be granted.

However, even though Bell did not indicate she was suing under Title VII of the Civil Rights Act of 1964 as amended, 42 U.S.C. § 2000e *et seq.*, the complaint and the attachments thereto allege factual support for a retaliation claim.

The essential elements of a retaliation claim under Title VII are (1) that the plaintiff engaged in protected activity; (2) that the employer had knowledge of the plaintiff's protected conduct; (3) that the employer took an adverse employment action towards the plaintiff; and (4) that there was a causal connection between the protected activity and the adverse employment action. *See Fox v. Eagle Distributing Co., Inc.*, 510 F.3d 587, 591 (6th Cir. 2007). Bell has pled sufficient facts to infer the essential elements of a claim of retaliation under Title VII against Shelby County Schools. In the instant case, Bell alleges that on September 15, 2014, she complained to management about being sexually harassed by her supervisor, which put the Shelby County Schools on notice of the charge, and that on September 19, 2014, after the complaint, she was discharged.

D.  Bell's Claims against Branch

Bell lists Branch as a defendant in the caption of the case followed by "Director, Labor Relations." Bell's complaint contains no factual allegations against Branch or any claims of retaliation against her in the body of the complaint. In an undated letter from Bell to Superintendent Dorsey Hopson, filed with her complaint, Bell alleges that she met with Branch in Labor Relations, who she claims was hostile and unprofessional,

and who terminated her employment. Bell alleges this was a form of retaliation by Branch.

There is no remedy under Title VII against a co-worker or supervisor in his or her individual capacity. *Wathen v. Gen. Elec. Co.*, 115 F.3d 400, 405 (6th Cir. 1997)(holding that individual liability is prohibited under Title VII and similar statutory schemes). It is recommended that Bell's claims for both age discrimination and retaliation against Branch be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), for failure to state a claim on which relief may be granted.

### III. RECOMMENDATION

For the foregoing reasons, this court recommends that Bell's claims for age discrimination and retaliation be dismissed against Branch for failure to state a claim upon which relief can be granted. It is further recommended that the Clerk be directed to issue process for Shelby County Schools and to deliver that process to the marshal for service along with a copy of the complaint, this Report and Recommendation, and any order regarding this Report and Recommendation; that service be made on Shelby County Schools pursuant to Rule 4(h)(1) of the Federal Rules of Civil Procedure;[2] and that all costs of service be advanced by the United States.

---

[2] The address for Shelby County Schools provided by Bell in the complaint is 160 South Hollywood, Memphis, TN 38112.

It is further recommended that Bell be ordered to serve a copy of every document filed in this cause on the attorney for Shelby County Schools, make a certificate of service on every document filed, familiarize herself with the Federal Rules of Civil Procedure and this court's local rules,[3] promptly notify the Clerk of any change of address or extended absence, and be warned that failure to comply with these requirements, or any other order of the court, may result in the dismissal of her case without further notice.

Respectfully submitted this 11th day of May, 2016.

s/Diane K. Vescovo
DIANE K. VESCOVO
CHIEF UNITED STATES MAGISTRATE JUDGE

NOTICE

Within fourteen (14) days after being served with a copy of this report and recommended disposition, a party may serve and file written objections to the proposed findings and recommendations. A party may respond to another party's objections within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b)(2). Failure to file objections within fourteen (14) days may constitute a waiver of objections, exceptions, and further appeal.

---

[3] A free copy of the Local Rules may be obtained from the Clerk. The Local Rules are also available on the court's website at www.tnwd.uscourts.gov/pdf/content/LocalRules.pdf.