IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| EBONY BELL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| ) | Case No.  16-cv-2311-JTF-dkv |
| v. ) | |
| ) | |
| ) | |
| SHELBY COUNTY SCHOOLS, ) | |
|  and ) | |
| CHANTAY BRANCH, ) | |
| DIRECTOR, LABOR RELATIONS, ) | |
| ) | |
| Defendants. ) | |

ORDER ADOPTING THE MAGISTRATE JUDGE'S REPORT
AND RECOMMENDATION AND ORDER DIRECTING SERVICE OF
PROCESS UPON SHELBY COUNTY SCHOOLS

Before the Court is the Plaintiff Ebony Bell's pro se Complaint against the Defendants Shelby County Schools and Chantay Branch, Director of Labor Relations and Plaintiff's application to proceed *in forma pauperis* all filed on May 9, 2016.  (ECF No. 1 and ECF No. 2). The matter was referred to the United States Magistrate Judge pursuant to 28 U.S.C. § 636 for management of all pretrial matters including screening of the complaint pursuant 28 U.S.C. § 1915(e)(2)(b) and L.R. 4.1(b)(2).   On May 11, 2016, the Magistrate Judge entered an Order Granting Plaintiff's Motion for Leave to Proceed *in forma pauperis* and an Order Denying Plaintiff's Motion For Appointment of Counsel.  (ECF No. 6 and ECF No. 7).   The Magistrate Judge also issued a Report and Recommendation for Partial *Sua Sponte* Dismissal and to Issue and Effect Service of Process on Defendant Shelby County Schools.  (ECF No.  8).  On May 23,

2016, Plaintiff filed a document styled "Extension of Time," ECF No. 90, that was denied by the undersigned Court on June 2, 2016.[1] (ECF No. 10). To date, no objections to the Magistrate Judge's report and recommendation have been filed. Upon a *de novo* review, the Court finds the report and recommendation should be adopted in full.

## I. LEGAL STANDARD

Congress passed 28 U.S.C. § 636(b) "to relieve some of the burden on the federal courts by permitting the assignment of certain district court duties to magistrates." *See e.g. Baker v. Peterson*, 67 Fed. App'x. 308, 311, 2003 WL 21321184 (6th Cir. 2003) and Fed. R. Civ. P. 72(a). A district court judge must review dispositive motions under the *de novo* standard. *See Matthews v. Weber*, 423 U.S. 261, 275 (1976); *Baker*, 67 Fed. App'x. at 311 and 28 U.S.C. § 636(b)(1)(B). After review, the district court is free to accept, reject or modify the proposed findings or recommendations of the magistrate judge. *See Thomas*, 474 U.S. at 150.

Any party who disagrees with a Magistrate Judge's recommendation may file written objections to the report and recommendation. *See Thomas v. Arn*, 474 U.S. 140, 142 (1985); Fed. R. Civ. P. 72 (b), 28 U.S.C. § 636(b)(1)(C) and LR 72.1(g)(2). A district judge must determine *de novo* any part of the magistrate judge's recommendation to which proper objections are raised. 28 U.S.C. § 636(b)(1)(c). However, objections to any part of a magistrate judge's report and recommended disposition "must be clear enough to enable the district court to discern those issues that are dispositive and contentious." See *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995) and *Arn,* 474 U.S. at 147 (the purpose of the rule is to "focus attention on those issues ... that are at the heart of the parties' dispute."). "'[O]bjections disput[ing] the correctness of the magistrate's recommendation but fail[ing] to specify the findings ... believed [to be] in error' are

---

[1] The content of the pleading provided, "I, Ebony Bell is requesting extension of time so I can submit the proper documents to the defendant." (ECF No. 9).

2

too general." *Spencer v. Bouchard,* 449 F.3d 712, 725 (6th Cir. 2006) *quoting Miller*, 50 F.3d at 380. A plaintiff's failure to file a specific objection to a magistrate judge's report or one which fails to specifically identify the issues of contention does not satisfy the requirement that an objection was filed at all. *Howard*, 932 F.2d at 509; *McCready v. Kamminga*, 113 Fed. App'x. 47, 49 (6th Cir. 2004). The district judge should adopt the findings and rulings of the magistrate judge to which no specific objection is filed. *Brown v. Board of Educ. of Shelby County Schools*, 47 F.Supp.3d 665, 674 (W.D. Tenn. 2014).

## II. FINDINGS OF FACT

The Magistrate Judge summarized this case as follows. Ebony Bell filed a form *pro se* complaint in this Court against her former employer, Shelby County Schools, that alleges discrimination in violation of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 621-634, and for retaliatory discharge, in violation of Title VII of the Civil Rights Act, 42 U.S.C. § 2000e. (ECF No. 1 and ECF No. 8). Bell asserts that she began her employment with Shelby County Schools as a mobile security officer in June 2010. During the course of her employment, Bell filed a complaint of sexual harassment to management on September 15, 2014. As a result of her complaint, Bell alleges that she was wrongfully discharged from her employment on September 19, 2014, in retaliation for the sexual harassment allegations against her supervisor, Glenn Williams.

Based on her termination, Bell filed a charge with the EEOC. The Agency issued a Right to Sue Notice that was dated March 29, 2016. As such, the Magistrate Judge concluded that Bell subsequently filed a timely complaint in the federal district court on May 9, 2016, seeking compensatory and punitive damages. Plaintiff has not objected to any of the proposed findings of fact. Therefore, the Court adopts the Magistrate Judge's factual summary of this case.

### III. ANALYSIS

In screening the complaint in order to determine whether a summons should issue in accordance with 28 U.S.C. § 1915 (e)(2), the Magistrate Judge concluded that Bell's complaint did not adequately establish a *prima facie* case of age discrimination under the ADEA in order to survive dismissal under Fed. R. Civ. P. 12(b)(6). The Magistrate Judge recommended that the Court dismiss Bell's ADEA claim because she failed to satisfy the first element of an age discrimination claim. "In the complaint, Bell states that she was less than forty years old at the time of the alleged discrimination. Based on this factual allegation, Bell fails to satisfy the first element of an age discrimination claim, and thus fails to state a claim of age discrimination for which relief can be granted." (ECF No. 8, p. 6). As denoted in the statute, in order for a claimant to pursue a claim under the ADEA, the party must be at least forty years old or older. *O'Conner v. Consolidated Coin Caterers Corp.*, 517 U.S. 308, 312 (1996) (the prohibition in 29 U.S.C. § 631(a) is "limited to individuals who are at least 40 year of age" and bans discrimination against employees because of their age); *Allen v. Highlands Hosp. Corp.*, 545 F.3d 387, 399-400 (6th Cir. 2008)("an employee who is younger than 40, [is] therefore outside the class of older workers as defined by the ADEA").

The Magistrate Judge also determined that Bell had adequately pled factual allegations against Shelby County Schools in support of a retaliation claim under Title VII of the Civil Rights Act of 1964, as amended or 42 U.S.C. § 2000e, *et seq*. However, Bell's allegations against Chantay Branch, as Director of Labor Relations for Shelby County Schools, were prohibited. *Wathen v. Gen. Elec. Co*., 115 F.3d 400, 405 (6th Cir. 1997)(an employer's agent is not the statutory employer for purposes of liability under Title VII).

4

For these reasons, the Magistrate Judge recommended that the Court dismiss Bell's claim of age discrimination and all claims against Defendant Chantay Branch. The Magistrate Judge further recommended that the Clerk be directed to issue service of process for Shelby County Schools in reference to the retaliation claim.

## **CONCLUSION**

Upon a *de novo* review and without objections by Plaintiff, the Court finds the Magistrate Judge's report and recommendations should be adopted in full. All claims against Chantay Branch are Ordered Dismissed under Fed. R. Civ. P. 12(b)(6). It is further Ordered that the Clerk of Court issue service of process for Shelby County Schools in reference to the retaliation claim to 160 South Hollywood, Memphis, TN 38112, for service by the U.S. Marshals of the complaint, the Magistrate Judge's report and recommendation, the instant Order pursuant to Fed. R. Civ. P. 4(h)(1) with costs to be advanced by the United States.

**IT IS SO ORDERED** on this 13th day of June, 2016.

*s/John T. Fowlkes, Jr.*
JOHN T. FOWLKES, JR.
UNITED STATES DISTRICT JUDGE