IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| EBONY BELL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| | ) Case No.  16-cv-2311-JTF-dkv |
| v. | ) |
| | ) |
| | ) |
| SHELBY COUNTY SCHOOLS, | ) |
| | ) |
| Defendant. | ) |

**ORDER ADOPTING THE MAGISTRATE JUDGE'S REPORT AND
RECOMMENDATION AND GRANTING SHELBY COUNTY SCHOOLS'
MOTION FOR SUMMARY JUDGMENT**

Before the Court is the Defendant Shelby County Schools' ("SCS") Motion for Summary Judgment that was filed on April 28, 2017.[1]  (ECF No. 27).  Plaintiff did not file a response in opposition to the motion for summary judgment.  The matter was referred to the United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B).  On July 5, 2017, the Magistrate Judge issued a Report and Recommendation that the Court grant the Defendant's Motion for Summary Judgment. (ECF No. 31).  Plaintiff has not filed any objections to the Magistrate Judge's report and recommendation.  Upon a *de novo* review, the Court finds the report and recommendation should be adopted in full.

---

[1] The Defendant notes that it is improperly named in the Complaint as Shelby County Schools and should be identified as Shelby County Board of Education ("SCBE"). The Court has used "SCBE" and "SCBOE" interchangeably based on the Magistrate Judge's reference to Defendant as "SCBOE" in the report and recommendation. (ECF No. 27, p. 1 fn.1 and ECF No. 31).

1

## I. <u>LEGAL STANDARD</u>

Congress passed 28 U.S.C. § 636(b) "to relieve some of the burden on the federal courts by permitting the assignment of certain district court duties to magistrates." *See e.g. Baker v. Peterson*, 67 Fed. App'x. 308, 311 (6th Cir. 2003) and Fed. R. Civ. P. 72(a). A district court judge must review dispositive motions under the *de novo* standard. *See Matthews v. Weber*, 423 U.S. 261, 275 (1976); *Baker*, 67 Fed. App'x. at 311 and 28 U.S.C. § 636 (b)(1)(B). After review, the district court is free to accept, reject or modify the magistrate judge's proposed findings or recommendations. *See Thomas*, 474 U.S. 140, 150 (1985).

Any party who disagrees with a Magistrate Judge's recommendation may file written objections. *Id.*, 474 U.S. at 142; Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1)(C) and Tenn. West. LR 72.1(g)(2). A failure to file specific objections to a magistrate judge's report does not meet the requirement of filing an objection at all. *Howard v. Secretary of Health and Human Services,* 932 F.2d 505, 509 (6th Cir 1991); *McCready v. Kamminga*, 113 Fed. App'x. 47, 49 (6th Cir. 2004). A district judge should adopt the findings and rulings of the magistrate judge to which no specific objection is filed. *Brown v. Board of Educ. of Shelby County Schools*, 47 F.Supp.3d 665, 674 (W.D. Tenn. 2014).

Plaintiff has not filed any timely objections to the Magistrate Judge's proposed findings of fact. Therefore, the Court adopts the Magistrate Judge's factual summary of this case.

## II. <u>ANALYSIS</u>

The Magistrate Judge first determined that Plaintiff has satisfied the four prongs of a *prima facie* case of retaliation under Title VII: 1) Bell acted in a manner protected by Title VII; 2) SCBE knew of this exercise of protected activity; 3) SCBE subsequently took a materially adverse action against Bell; and 4) the adverse action had a causal connection to the protected

activity. *Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 68 (2006); *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). The Magistrate Judge determined that in filing the Title VII charge, Plaintiff satisfied the first prong. She also concluded that Shelby County Board of Education ("SCBOE") was aware of the charge and subsequently took adverse action against Plaintiff, in satisfaction of prongs two and three. Finally, because Plaintiff was terminated only three days after filing her harassment complaint, the Magistrate Judge concluded that Plaintiff demonstrated that the adverse action was causally connected to her exercise of protected activity. *Howlington v. Quality Restaurant Concepts, LLC*, 298 Fed. App'x 436, 447 (6th Cir. 2008); *Nguyen v. City of Cleveland,* 229 F.3d 559, 563 (6th Cir. 2000).

Although Bell sufficiently pled a *prima facie* case of retaliation, the Magistrate Judge determined that SCBE adequately articulated a legitimate and nondiscriminatory reason for terminating Bell's employment. *Texas Dep't of Community Affairs v. Burdine*, 450 U.S. 248, 253 (1981)(the burden shifts to the defendant to articulate a legitimate, nondiscriminatory reason for the employee's rejection). The Magistrate Judge concluded that SCBE adequately demonstrated that Plaintiff's repeated violations of DRs 07, 10, 13 & 22, providing legitimate and nondiscriminatory reasons for her termination in accordance with DR 02.

Lastly, the Magistrate Judge noted that Bell has not demonstrated by a preponderance of the evidence that any of the legitimate reasons offered above were a pretext for discrimination or retaliation. *Manzer v. Diamond Shamrock Chems. Co.*, 29 F.3d 1078, 1084 (6th Cir. 1994), overruled on other grounds, *Geiger v. Tower Auto.*, 579 F.3d 614 (6th Cir. 2009)(citation omitted). The Court agrees. Plaintiff did not file a response to SCBE's motion for summary judgment or statement of undisputed material facts. Further, Plaintiff did not file any objections to the Magistrate Judge's report and recommendation pursuant to Fed. R. Civ. P. 72(b)(2). After

reviewing SCBE's motion for summary judgment, the Court finds the Magistrate Judge correctly concluded that SCBE has offered legitimate and nondiscriminatory reasons for terminating Plaintiff's employment.

## **CONCLUSION**

Upon a *de novo* review and without objections by Plaintiff, the Court finds the Magistrate Judge's report and recommendation should be adopted in full and the Defendant's Motion for Summary Judgment, ECF No. 27, Granted. Accordingly, the case is ordered Dismissed.

**IT IS SO ORDERED** on this 20th day of July, 2017.

*s/John T. Fowlkes, Jr.*
JOHN T. FOWLKES, JR.
UNITED STATES DISTRICT JUDGE